UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ELLIOTT FORD,
   Plaintiff,

   vs.                                                                                         No. 05-1257

BARBARA J. PEDDICORD, et.al.,
   Defendants

## MERIT REVIEW ORDER

This cause is before the court for consideration of the plaintiff's motion for appointment of counsel [d/e 6] and merit review of the plaintiff's complaint.

## MOTION FOR APPOINTMENT OF COUNSEL

The plaintiff's motion for appointment of counsel is denied. [d/e 6] The plaintiff says he has low grade scores and this will make it difficult for him to understand the law which applies to his case. The plaintiff has no constitutional or statutory right to be represented by an attorney. The court is reluctant to appoint counsel in the beginning stages of a lawsuit until it is determined that the plaintiff has a meritorious claim. All the plaintiff needs to do in his complaint is state his claims. He does not need to provide case law in support of those claims.

## MERIT REVIEW

The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

The plaintiff brings this lawsuit pursuant to 42 U.S.C. §1983 against seven defendants at the Hill Correctional Center including: Officer Barbara J. Peddicord, Warden Danny Jaimet, Administrative Review Board Member Nancy Tucker, Illinois Department of Corrections Director Ernesto Velasco, Adjustment Committee Members James M. Carothers and Clifford Sangster, and an unidentified member of the grievance committee.

The plaintiff alleges that the defendants violated his due process rights. The plaintiff says on November 4, 2002, Officer Peddicord came to his cell and asked whether he had worked that day. The plaintiff replied that he had. Peddicord then asked the plaintiff to touch the tip of his nose with his fingertip. The plaintiff was then questioned by Officer Fredrickson about the discovery of

1

some homemade alcohol.  The plaintiff denied any knowledge and asked for a urine or blood test.

The plaintiff says he was denied any testing and was found guilty of violating department rules. The plaintiff lost six months of good time credits as a result. The plaintiff says his due process rights were violated because there was no evidence to support this claim.

The plaintiff has attached the disciplinary report and Adjustment Committee Report.  The report indicates that officers discovered an extremely intoxicated inmate which lead to the further discovery of a container of homemade alcohol in a work area.  The officers then questioned five other inmates who were in the same work area during the relevant time period.

The officer observed that the plaintiff was unable to touch his nose with his fingertip and was unable to walk a straight line.  In addition, officers detected a strong odor of alcohol on the plaintiff's breath.

The plaintiff has failed to state a claim upon which relief can be granted.  "When a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgement in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994).  This holding has been extended to judgement in prison disciplinary proceedings. Edwards v. Balisok, 520 U.S. 641 (1997).

In the case before the court, the plaintiff lost good time credits as a result of the disciplinary hearing. Therefore, the court cannot consider the plaintiff's claim that the disciplinary action was improper since he has not alleged that the disciplinary finding has been overturned.

Furthermore, the minimum requirements of procedural due process are satisfied in the prison disciplinary context when the prisoner is provided with advance written notice in order to inform the prisoner of the charges and to enable the prisoner to marshal the facts and prepare a defense. There must also be at least a brief period of time after receiving notice of the charge, no less than 24 hours, so that the prisoner can prepare for his or her appearance at the disciplinary hearing. The prisoner may be allowed to present witnesses or documentary evidence at the discretion of the disciplinary committee. Finally, there must be a written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 529, 94 S.Ct. 963 (1974).   The plaintiff has no constitutional right to a prehearing investigation. Whitford v Boglino, 63 F.3d 527, 532 (7th Cir. 1996).

The Adjustment Committee Report clearly shows the plaintiff did receive the minimum requirements of procedural due process.

**IT IS THEREFORE ORDERED that:**

1) The plaintiff's motion for appointment of counsel is denied. [d/e 6]

2) The case is dismissed in its entirety for failure to state a claim upon which relief can be granted. The case is terminated without prejudice.

3) The dismissal counts as a strike against the Plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g). The clerk is directed to record the strike against the plaintiff.

4) The plaintiff must still pay the full docketing fee of $250.00 even though his case has been dismissed. The agency having custody of the Plaintiff is directed to remit the docketing fee of $250.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $250.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $250.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $250.00.

5) The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.

6) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

Entered this 26th day of September, 2005.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE